UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| VINCENT AND MARY PEREZ | CIVIL ACTION |
| VERSUS | NO. 09-1862 |
| STATE FARM FIRE & CASUALTY COMPANY | SECTION "C" (3) |

ORDER AND REASONS

This matter comes before the Court on motion for summary judgment filed by the defendant, State Farm Fire & Casualty Company ("State Farm"), a Write-Your-Own ("WYO") Program carrier participant in the National Flood Insurance Program ("NFIP"), appearing in its fiduciary capacity as fiscal agent of the United States. Having considered the record, the memoranda of counsel and the law, the Court has determined that summary judgment is appropriate for the following reasons.

The plaintiffs sue for Katrina-related damages allegedly covered by their Standard Flood Insurance Policy ("SFIP") issued through the NFIP and written by State Farm in addition to amounts already paid. In this motion, the defendant argues that the plaintiffs did not file a proof of loss for any further amounts as mandated by the

SFIP in a timely manner.[1]

The plaintiffs filed no opposition to this motion, and no evidence that a proof of loss as to any additional amounts has been provided. "Under FEMA regulations, strict adherence is required to all terms of the SFIP." *Marseilles Homeowners Condominium Ass'n, Inc. v. Fidelity National Insurance Co.*, 542 F.3d 1053, 1058 (5th Cir. 2008), quoting *Forman v. FEMA*, 138 F.3d 543, 545 (5th Cir. 1998). Those requirements include filing a proof of loss in a timely manner.

Accordingly,

IT IS ORDERED that the motion for summary judgment filed by the defendant, State Farm Fire & Casualty Company is GRANTED. (Rec. Doc. 13).

New Orleans, Louisiana, this 17th day of May , 2010.

HELEN G. BERRIGAN
UNITED STATES DISTRICT JUDGE

---

[1] Article VII(J)(3) of the SFIP requires the policyholder to "[p]repare an inventory of damaged property, showing the quantity, description, actual cash value and amount of loss. Attach all bills, receipts, and related documents" in conjunction with the proof of loss. Article VII(J)(4) requires the proof of loss which provides certain specified information, including "specifications of damaged building and detailed repair estimates." Article VII(R) precludes suit "unless you have complied with all the requirements of the policy."